IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| FORTIS CONSTRUCTION, LLC, f/k/a AMS CONSTRUCTION, LLC, | |
| Plaintiff, | CASE NO. 1:23-CV-00009-MAC-ZJH |
| v. | |
| THOMAS AVALOS, JR., | |
| Defendant. | |

## REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR REMAND

This case is assigned to the Honorable Marcia A. Crone, United States District Judge, and is referred to the undersigned for pretrial management.  Doc. No. 10.  Pending before the court is Plaintiff/Counter-Defendant Fortis Construction, LLC f/k/a AMS Construction, LLC's ("Fortis") *Motion to Remand and Brief in Support* ("Motion to Remand") (Doc. No. 12).[1]

Fortis asserts that because Avalos is a citizen of Texas, he violated the "forum-defendant rule" when he removed the instant case to federal court.  Doc. No. 12.  Fortis therefore moves to remand the instant lawsuit back to state court, and additionally, requests attorney's fees because he claims that Avalos lacked an "objectively reasonable basis" for seeking removal.  *Id.* at 5.  In his *Response* (Doc. No. 17), Avalos represents that he did not violate the "forum-defendant rule" because he was not properly served until after he removed this case to federal court.  Doc. No. 21. As discussed below, Avalos's *Answer* filed in the state court proceedings effectively substituted proper service, such that Avalos's removal to this court was in violation of the "forum-defendant

---

[1] Also pending is Defendant/Counter-Plaintiff Thomas Avalos, Jr.'s ("Avalos") unopposed *Motion for Leave to Attach and Amend Exhibit D to Defendant's Response to Plaintiff's Motion to Remand* ("Motion for Leave").  Doc. No. 21.  The motion for leave is granted.

rule."  However, the court does not find that Avalos lacked an objectively reasonable basis to remove the instant case to this court, and therefore recommends denying Fortis's motion for attorney's fees.  Accordingly, the undersigned recommends granting in part and denying in part the instant *Motion to Remand* (Doc. No. 12) — this case should be remanded to the 253rd Judicial District Court of Liberty County, Texas.

## I.      <u>Factual and Procedural Background</u>

The instant matter arises out of a dispute between Avalos and Fortis regarding the ownership of six separate pieces of construction equipment that Fortis lent Avalos and his staff to use and store on Avalos's property.  Doc. No. 8 at 2.  Upon Avalos's voluntary resignation in November 2022, however, Avalos refused to return the equipment.  *Id.*

On December 8, 2022, Fortis filed its *Original Petition, Application for Ex Parte Temporary Restraining Order and Temporary Injunction, and Application for Writ of Sequestration* ("Original Petition") in the 253rd Judicial District of Liberty County, Texas ("state trial court") (Cause No. 22DC-CV-01607).  Doc. No. 1-2 at 2.  On December 9, 2022, the state trial court issued Fortis a Temporary Restraining Order ("TRO") and set a hearing for Fortis's *Application for Temporary Injunction*.  *Id.* at 32–36.  The court also issued an *Order for Issuance Writ of Sequestration*.  *Id.* at 35.  Both orders required "Thomas Avalos, Jr. to return or allow Fortis to recover all construction equipment on his property within 3 days," and prohibited Avalos "from moving, selling, or using the vehicles and tools until they are returned or recovered."  *Id.* at 33–34.

On December 12, 2022, Avalos filed *Defendant's Emergency Motion to Dissolve the Writ of Sequestration, Original Answer, and Original Counterclaim* ("Answer") in the state trial court. Doc. No. 1-2 at 38.

On December 16, 2022, Avalos filed *Defendant's First Amended Counterclaim and Original Third-Party Petition* ("Counterclaim and Third-Party Claim") in the state trial court, where Avalos brought third-party claims against Defendant Bo Wigley. *Id.* at 45. On that same date, Avalos filed *Defendant's Emergency Motion to Dissolve Temporary Injunction and Temporary Restraining Order, and/or Motion to Stay Execution of TRO, and Objection and Motion to Strike Bo Wigley's Affidavit, and Motion for Sanctions Against Ethan Glenn* ("Motion to Dissolve TI and TRO"). *Id.* at 57.

On December 19 and December 20, 2022, Avalos filed a *Petition for Writ of Mandamus* and *Relator's Motion for Emergency Relief*, both before the Ninth Court of Appeals. *Id.* at 107, 208. On December 21, 2022, the Ninth Court of Appeals stayed the execution of the Temporary Restraining Order "to the extent that it orders Thomas Avalos Jr. to return all construction equipment on his property within 3 days." *Id.* at 356–57. On January 5, 2023, the state trial court held a hearing on Fortis's *Application for Temporary Injunction*, and on that same date, issued an *Order Granting Application for Temporary Injunction*. *Id.* at 361. Avalos then filed *Relator's Second Motion for Emergency Relief* and *Appellant's Motion for Emergency Relief* on January 5 and January 6, 2023, both before the Ninth Court of Appeals. *Id.* at 252, 274.

Between December 9, 2022, and December 15, 2022, Fortis unsuccessfully attempted to effect service upon Avalos several times. *See* Ex. A, 17-1 at 2–4 (docket sheet of state trial court proceedings); Ex. E, Doc. No. 17-5; Ex. F, Doc. No. 17-6; Ex. G, Doc. No. 17-7 at 1; Ex. H, Doc. No. 17-8 at 1.

On January 9, 2023, Avalos removed the present case to federal court.  Doc. No. 1.  On January 11, 2023, Fortis finally successfully perfected service on Avalos.  Ex. A, Doc. No. 17-1 at 6; Ex. D, Doc. No. 17-4 at 1–2.  Also on January 11, 2023, Fortis filed the pending *Motion to Remand*, urging the court to remand this case back to the state trial court because Avalos allegedly violated the "forum-defendant rule."  Doc. No. 12.

On January 17, 2023, Avalos filed his *Response in Opposition to Plaintiff's Motion to Remand* ("Response").  Doc. No. 17.  On January 20, 2023, Fortis filed its *Reply* (Doc. No. 19), and on January 22, 2023, Avalos filed his *Sur-Reply* (Doc. No. 20).

This matter is fully briefed and ripe for consideration and disposition.

## II.    **Legal Standard**

"Federal courts are not courts of general jurisdiction" and can adjudicate only those matters "authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 371 (1978).  "A defendant sued in state court may remove the suit to federal court so long as the federal tribunal would have had original jurisdiction over the action."  *Grace Ranch, L.L.C. v. BP Am. Prod. Co.*, 989 F.3d 301, 307 (5th Cir. 2021) (citing 28 U.S.C. § 1441(a)).  "Courts 'must presume that a suit lies outside its limited jurisdiction,' and 'any ambiguities are construed against removal and in favor of remand to state court."  *Lamar Cnty. Elec. Coop. Ass'n. v. McInnis Bros. Constr., Inc.*, No. 4:20-cv-930, 2021 WL 1061188, at *2 (E.D. Tex. Mar. 19, 2021) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) and *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013)).  As such, the "burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Cleartrac, L.L.C. v. Lanrick Contractors, L.L.C.*, 53 F.4th 361, 364 (5th Cir. 2022).

Title 28 U.S.C. Section 1441(b) authorizes a defendant to remove an action to federal court based on the diversity of citizenship between the parties.  28 U.S.C. § 1441(b).  Additionally, Title 28 U.S.C. Section 1447(c) authorizes motions to remand an action to state court if removal was defective.  28 U.S.C. § 1447(c).

Importantly, 28 U.S.C. § 1441(b) states, in relevant part, that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  Thus, removal is procedurally defective under 28 U.S.C. § 1447(c) if a "forum-defendant," otherwise known as an in-state defendant, removes the case to federal court.  *Tex. Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020) (citing *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392–93 (5th Cir. 2009)) ("We begin by recognizing that the forum-defendant rule is a procedural rule and not a jurisdictional one.").  The exception to this procedural defect occurs when a defendant removes the case to federal court prior to receiving proper service, also known as "snap removal."  *Id.*

## III.   Discussion

The court now turns to the merits of Fortis's pending *Motion to Remand*.  Doc. No. 12.  First, the court notes that it is unclear whether it has proper diversity jurisdiction to entertain this case — in its *Original Petition*, Fortis states it is "a foreign limited liability corporation formed in Mississippi," and has its principal place of business there.  Doc. No. 3 at 1; *see also* Doc. No. 1 at 1–2 (basis for removal).  Avalos admits he is a citizen of Texas.  Doc. No. 1 at 1–2.

However, "the citizenship of an LLC is determined by the citizenship of all of its members," requiring an LLC to "specifically allege the citizenship of every member of the LLC."  *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310 (5th Cir. 2019) (internal citations

5

and quotation marks omitted).  Here, neither party disputes the existence of diversity jurisdiction, but "[s]ubject-matter jurisdiction . . . can never be forfeited or waived . . . Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Rivero v. Fidelity Invs., Inc.*, 1 F.4th 340, 343–44 (5th Cir. 2021) (internal citations and quotation marks omitted).  Fortis has failed to provide the citizenship of each of its members, and Avalos, as the party seeking to invoke this court's jurisdiction, has not provided this information either.  *Ghedi v. Mayorkas*, 16 F.4th 456, 464 (5th Cir. 2021) (citation and footnote omitted) ("The party seeking to invoke subject-matter jurisdiction has the burden to establish it.").  Regardless, because the undersigned ultimately concludes that this case should be remanded to state court, the court will proceed with analyzing the merits of the instant *Motion to Remand*.  Doc. No. 12.

In its motion, Fortis contends that Avalos's removal constituted a *procedural defect* — not a jurisdictional one — because Avalos is a citizen of Texas, and therefore his removal improperly violated the "forum-defendant rule."  *See generally* Def.'s Mot. to Remand, Doc. No. 12.  Avalos agrees that he is a "local defendant" for the purposes of the forum-defendant rule, however, contests that he was never "properly served" in state court under 28 U.S.C. § 1441(b)(2), such that his removal to this court constituted a "snap removal," or removal prior to receiving service.  *See generally* Pl.'s Resp., Doc. No. 17.  Primarily throughout their briefing of this matter, the parties dispute whether Avalos's actions taken in state court properly substituted service, such that Avalos's defense of Fortis's motions for a temporary restraining order and a temporary injunction effectively waived service.  Here, the court agrees with Fortis and holds that Avalos's actions in state court — primarily his filing of an *Answer* — effectively satisfied the "proper service" requirements prescribed by 28 U.S.C. § 1441(b)(2).

6

A.  Forum-Defendant Rule

"A defendant may remove a civil case brought in state court to the federal district court in which the case could have been brought."  *Tex. Brine Co.*, 955 F.3d at 485 (citing 28 U.S.C. § 1441(a)).  However, it is well-known that "even if complete diversity does exist, the case may not be removed from state to federal court if any defendant is a citizen of the state in which the action is brought."  *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258–59 (5th Cir. 1988) (citing 28 U.S.C. § 1441(b)); *see also Tex. Brine Co.*, 955 F.3d at 485; *Dollar v. Gen. Motors Corp.*, 814 F. Supp. 538, 543 (E.D. Tex. 1993) ("no local defendant rule").

In *Texas Brine Company, L.L.C.*, the Fifth Circuit addressed "whether the forum-defendant rule prohibits a non-forum defendant from removing a case when a not-yet-served defendant is a citizen of the forum state," also known as "snap removal."  955 F.3d at 485.  In other words, *Texas Brine* asked whether a diverse, forum-defendant could remove a case to federal court prior to receiving service by the plaintiff.  *Id.*  In answering this question in the affirmative, the Fifth Circuit looked to the text of Section 1441(b)(2), and held:

> We agree with a comment made by the Second Circuit: 'By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action.

*Tex. Brine Co.*, 955 F.3d at 486 (quoting *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019)).

*Texas Brine*, however, dealt with a plaintiff suing *multiple* defendants in state court, with only the non-forum defendant removing the case to federal court.  *Id.* at 487 (emphases added) ("A *non-forum defendant* may remove an otherwise removable case *even when a named defendant* who has yet to be 'properly joined and served' is a citizen of the forum state.").  This District, and

others in the Fifth Circuit, have held that the holding in *Texas Brine* is not limited to cases with *multiple*, diverse and non-diverse, defendants; a single, diverse forum-defendant may snap-remove a case to federal court in compliance with Section 1441(b)(2).  *See BKL Holdings, Inc. v. Globe Life Inc.*, No. 4:22-cv-00170, 2022 WL 2119116, at *4 (E.D. Tex. June 13, 2022) (Mazzant, J.) ("[T]he Fifth Circuit's opinion in *Texas Brine* indicates a forum defendant may utilize the snap removal tool."); *Serafini v. Sw. Airlines Co.*, 2020 WL 5370472, at *5 (N.D. Tex. Sept. 8, 2020) (emphasis added) ("Under the statute's plain text, a forum defendant may engage in snap removal *when it is the sole defendant*."); *Latex Constr. Co. v. Nexus Gas Transmission, LLC*, No. 4:20-1788, 2020 WL 3962247, at *6 (S.D. Tex. July 13, 2020) ("The plain language of § 1441(b)(2) allows for removal of suits involving a single defendant who is a resident of the forum state and such construction is not an absurd result.").

The undersigned will not stray from the well-reasoned analyses of the several district courts in this Circuit that have adopted this construction of Section 1441(b)(2).  *Midwest Health Grp., LLC v. eMDs, Inc.*, 1:20-CV-853-LY, 2020 WL 6580446, at *3 (W.D. Tex. Nov. 10, 2020) ("Numerous district courts in this circuit have applied *Brine* to find that § 1441(b)(2) does not preclude snap removals by in-state defendants before they have been properly served.") (collecting cases), *case dismissed per joint stipulation* (W.D. Tex. Nov. 30, 2020), *stipulation filed* (Nov. 24, 2020).

Here, both parties agree that Avalos is an in-state defendant, and indeed, Fortis agrees that Avalos was never formally served with a citation.  See Pl.'s Mot. to Remand, Doc. No. 12 at 6 ("He is also properly served and joined here because he filed an answer (and counter-claims, third-party petitions, and more) in the state court proceeding.").  Accordingly, when applying Section 1441(b)(2) to the instant case, Avalos could have "snap" removed the present case to this court,

notwithstanding that he is the sole forum-defendant removing the case, if he was never "properly joined and served" according to Texas law.  *See supra*.; 28 U.S.C. § 1441(b)(2); *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972) (citing 28 U.S.C. § 1448) ("[T]he district court must look to state law to ascertain whether service was properly made prior to removal.").  Therefore, the only remaining questions are: (1) whether Avalos was "properly joined and served" in the state trial court pursuant to the Texas Rules of Civil Procedure; and (2) whether instead, Avalos's actions in state court properly substituted service, such that he was effectively "properly joined and served" under Texas law.  The court will address each in turn.

B.  <u>Service in State Trial Court</u>

Texas Rule of Civil Procedure 106 lays out the several methods a plaintiff may perfect service on the defendant.  TEX. R. CIV. P. 106.  Thus, the primary methods of perfecting service include either "(1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition."  *Id.* §§ (a)(1)–(2).

Turning to the present case, the first prong of this analysis is straightforward: Avalos was never served in the state trial court *prior to removal.  Evans v. Rare Coin Wholesalers, Inc.*, No. 4:09CV259, 2010 WL 595653, at *2 (E.D. Tex. Jan. 28, 2010) (emphasis in original) (citations omitted) ("In fact, [Defendants] were not served until nearly three months after removal . . . [t]he statutory language clearly requires **service** on the forum defendant — at the time of removal — for removal to be improper.").  Here, for reasons that are unclear to this court, Fortis failed to properly effect service on Avalos.  *See* Ex. E, Doc. No. 17-5 (request for citation, December 9, 2022); Ex. F, Doc. No. 17-6, Ex. A, 17-1 at 2–3 (citation returned as "unserved," December 9, 2022); Ex. A, 17-1 at 3 (citation for service issued and returned "unserved" on December 12, 2022); Ex. H, Doc.

No. 17-8 at 1 (citation issued, December 16, 2022); Ex. A, Doc. No. 17-1 at 4 (citation returned as "unserved," December 16, 2022).

Indeed, the only time that Fortis perfected service on Avalos was on January 11, 2023 — two days *after* Avalos removed this case to the present court. *See* Doc. No. 1 (Notice of Removal, January 9, 2023); Ex. A, Doc. No. 17-1 at 6; Ex. D, Doc. No. 17-4 at 1–2 (proper service effected on January 11, 2023). The court simply cannot deem this post-removal service "proper," especially where the plain language of Section 1441(b) commands proper service *prior* to removal, and where the state court loses jurisdiction over the case once it has been removed to federal court. *See* 28 U.S.C. § 1441(b) (emphasis added) ("properly *joined and served*" in past tense); *Roman Catholic Archdiocese of San Juan, P.R. v. Acevedo Feliciano*, 140 S. Ct. 696, 700 (2020) (internal citations, footnote, and quotation marks omitted) ("Once a notice of removal is filed, the State court shall proceed no further unless and until the case is remanded. . . . [t]he state court loses all jurisdiction over the case, and, being without jurisdiction, its subsequent proceedings and judgment are . . . absolutely void."); *Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir. 1962) (citations omitted) ("It has been held that removal . . . ends the power of the state court to issue process because the entire case is then removed as to all parties whether joined in the petition or not."); *Evans*, 2010 WL 595653, at *2.

Moreover, upon reviewing the docket sheet from the state trial court, each and every citation of service was returned as "unserved." Ex. A, Doc. No. 17-1 at 1–6. Thus, Fortis failed to comply with Rule 106's requirements — Avalos never received a copy of the citation and petition, either in-person or by registered or certified mail. TEX. R. CIV. P. 106(a)(1)–(2). Indeed, the docket sheet affirms Avalos's non-receipt of either the citation or the petition.

Second, in his *Response*, Avalos's counsel states that "suit papers were sent to the [u]ndersigned via email," however that "does not mean formal service was effectuated."  Doc. No. 17 at 20.  Fortis did not respond to this argument, in any manner.  Regardless of what "papers" were e-mailed to Avalos's counsel, here too the court agrees with Avalos — emailing a defendant's counsel is not one of the prescribed methods of serving on the defendant.  *See* TEX. R. CIV. P. 106(a); *Powe v. Deutsche Bank Nat'l Trust Co.*, No. 4:15-CV-661-ALM-CAN, 2015 WL 10013787, at *3 (E.D. Tex. Dec. 23, 2015) (citations omitted) ("Under Texas state law, formal service requires service of the citation. . . . the informal email exchange between the Parties did not constitute formal service"), *R. & R. adopted*, No. 4:15-CV-661, 2016 WL 475181 (Feb. 8, 2016).

Accordingly, the first question presented is easily answered: Avalos was never "properly joined and served" as a defendant in the state trial court below.  28 U.S.C. § 1441(b)(2).  The court will therefore move to the second question regarding Avalos's actions taken in the state trial and appellate court proceedings below.

### C.  Actions Taken in State Trial Court

In its *Motion to Remand*, Fortis asserts that because Avalos appeared, filed an answer, counter-claimed, filed a third-party petition, and appealed the state trial court's orders issuing a temporary restraining order and writ of sequestration, these actions "ha[ve] the same force and effect as if [he] had been physically served."  Pl.'s Reply, Doc. No. 19 at 5; *see* Pl.'s Mot. to Remand, Doc. No. 12 at 6 ("He is also properly served and joined here because he filed an answer (and counter-claims, third-party petitions, and more) in the state court proceeding.").  In support of this argument, Fortis cites to Texas Rules of Civil Procedure 120 and 121, which state that

entering an appearance and filing an answer in state court both dispense with the need to issue

service of a citation.  *See* Def.'s Mot., Doc. No. 12 at 6; TEX. R. CIV. P. 120, 121.

In response, Avalos maintains that these rules of civil procedure effectively do not apply

in the context of defending a temporary restraining order.  *See* Pl.'s Resp., Doc. No. 17 at 16–18.

In Avalos's view, these actions are "ancillary matters" that were "compulsory" responses to

defending Avalos's "rights to further his defense."  *Id.* at 17.

### i.    *Texas Rule of Civil Procedure 120*

Texas Rule of Civil Procedure 120 states that when a defendant or his attorney enters an

appearance in state court, this "shall have the same force and effect as if the citation had been duly

issued and served as provided by law."  TEX. CIV. P. 120.  As such, as Avalos admits to

appearing before the state trial court, Fortis's arguments regarding Avalos's appearance and

answer would *normally* substitute or waive performing service upon him.  Doc. Nos. 12, 19.

Avalos, however, correctly points the court to relevant case law that state these rules are

inapplicable where a defendant actively defends a temporary restraining order in court.  *See* Def.'s

Reply, Doc. No. 17 at 16–18; Def.'s Sur-Reply, Doc. No. at 3 (collecting cases).

For example, Avalos cites to *Raven Capital Group, LLC v. CH CRP 26 LLC*, which is on

point to the instant matter.  No. SA-21-CV-00059-XR, 2021 WL 1432699 (W.D. Tex. Feb. 12,

2021).  In *Raven*, like here, the plaintiff filed for a temporary restraining order in state trial court,

which the court issued the following day, prohibiting the defendant from "conveying or

encumbering" property pending a hearing on the temporary injunction.  *Id.* at *1.  In state court,

the diverse forum-defendant: (1) appeared at a hearing to contest the plaintiff's temporary

restraining order petition; (2) filed, appeared for, and argued the merits of a discovery motion; (3)

agreed to postpone a subsequent hearing; (4) filed a Rule 11 agreement; and (5) engaged in general

discovery practice pursuant to the court's order. *Id.* at *2 n.1. Nonetheless, the plaintiff never perfected service upon the defendant with its state court petition prior to removal, and the defendant timely "snap" removed the case to the Western District of Texas. *Id.* at *2. Like here, the plaintiff moved to remand the case back to state court, arguing that Texas Rule of Civil Procedure 120 should apply, and that that therefore the defendant waived or substituted service. *Id.*

In ruling against the plaintiff's motion for remand, the court held: "[i]t is beyond dispute that entering an appearance to defend against a petition for temporary restraining order does not constitute a general appearance" and therefore does not trigger Texas Rule of Civil Procedure 120. *Id.* (citing *Graves v. Arkema, Inc.*, No. 4:17-cv-3068, 2018 WL 10158337 (S.D. Tex. Mar. 7, 2018)); *see also Turner v. Turner*, No. 14-98-00510-CV, 1999 WL 33659, at *3 (Tex. App.—Houston [14th Dist.] Jan. 28, 1999, no pet.) (not designated for publication) (holding that defendant "did not make a general appearance by her attorney's attendance at the temporary restraining order hearing, thereby waiving her special appearance" because the temporary restraining order "did not resolve any issues of fact or law," and "related to only an ancillary matter").

For the same rationale, a defendant does not make a general appearance in a temporary injunction hearing, unless their attorney agrees to the temporary injunction by signing the court's order. *See Perkola v. Koelling and Assocs.*, 601 S.W.2d 110, 112 (Tex. App.—Dallas 1980, no writ) (citation omitted) ("Perkola's appearance at this [temporary injunction] hearing on an ancillary matter was not an appearance in the main case. The main suit, for a permanent injunction and damages, will be litigated subsequently, and this temporary injunction hearing did not resolve any issues of law or fact in the main case."); *but see Schoendienst v. Haug*, 399 S.W.3d 313, 319

13

(Tex. App.—Austin 2013, no pet.) (citations omitted) ("[W]e hold that Hayes appeared by signing the district court's agreed temporary injunction.").

In the present matter, counsel for Avalos appeared in the state trial court proceedings below, and argued the merits of a temporary injunction hearing.  Doc. No. 1-2 at 361.  The parties presented oral arguments and evidence, holding essentially a merits hearing on Fortis's *Application for Temporary Injunction*. *Id.*  For the same reasons set forth in *Raven Capital* — that appearing before a state court to attack a temporary restraining order and defend against a temporary injunction constitutes an ancillary matter — Texas Rule of Civil Procedure 120 cannot apply to the instant matter.  *Raven Capital Grp.*, 2021 WL 1432699, at *2; *Perkola*, 601 S.W.2d at 112.  Moreover, counsel for Avalos did *not* sign the court's *Order Granting Application for Temporary Injunction*. *See* Doc. No. 1-2 at 363 (signature line for defense counsel left blank); *Schoendienst*, 399 S.W.3d at 319.

Accordingly, even though Avalos appeared and defended the merits of Fortis's *Application for Temporary Injunction*, this appearance neither waived nor substituted proper service.  The court will continue analyzing whether Avalos's *Answer* properly substituted service.

ii.   *Texas Rule of Civil Procedure 121*

In its motion, Fortis primarily relies on Texas Rule of Civil Procedure 121, asserting that because Avalos filed an *Answer* in the state court proceedings below, this effectively substituted proper service.  *See* Pl.'s Mot., Doc. No. 12 at 5.  On December 12, 2022, Avalos filed his *Emergency Motion to Dissolve the Writ of Sequestration, Original Answer, and Original Counterclaim* ("Answer") in the state trial court.  Doc. No. 1-2 at 38.  As such, Fortis contends that Avalos improperly removed this case to federal court under Section 1441(b)(2) because his *Answer* indicates that he was "properly joined and served" under state law.

14

Texas Rule of Civil Procedure 121 states: "An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him." TEX. R. CIV. P. 121.  In response to this argument, Avalos maintains that "the filing of an answer was necessitated under the circumstances," and that further, merely filing an answer did not waive service of process.  Doc. No. 17 at 17–18.  Here lies the main problem with Avalos's arguments: the dispositive inquiry before the court is *not* whether Avalos *waived* his right to remove the instant case, but instead, whether Avalos's *Answer* satisfied Rule 1441(b)(2)'s requirements that he was "properly joined and served" in the state court proceedings below.

Indeed, Avalos cites several cases that concern waiving the right of removal, *not* waiving service of process by filing an Answer.  *See generally* Doc. No. 17 at 17–18.  Accordingly, Avalos's authority is inapposite for two reasons: first, the removing parties in each case were diverse, *non-forum* defendants; and second, the plaintiff properly effected service on the defendant in each case.  *See Rivera v. Wells Fargo Bank, N.A.*, EP-16-CV-00192-DCG, 2016 WL 11431200, at *2 , *4 n.2 (W.D. Tex. Aug. 12, 2016) (footnote omitted) (South Dakota defendant) ("On May 9, 2016, Defendant was served with process."); *Gore v. Stenson*, 616 F. Supp. 895, 897, 898 (S.D. Tex. 1984) (Georgia general partner defendant) ("His answer was filed on February 29, 1984, which was fifteen days after he was served . . ."); *Sandoval v. TBA Transportation, LLC*, No. 4:22-CV-00318, 2022 WL 2959707, at *1, *3 (E.D. Tex. July 26, 2022) (California defendant) ("On March 2, 2022, Sandoval executed service on both defendants by serving the Texas Secretary of State as their statutory process agent . . ."); *Baxter v. Hastings*, No. 3:22-CV-1095-D, 2022 WL 2306825, at *1, *3 (N.D. Tex. June 27, 2022) (unclear where defendant is domiciled; parties agreed there was complete diversity) ("On April 27 Hastings' counsel signed the agreement, consenting to an effective service date of April 19.").

15

Indeed, each of these cases analyzed whether the non-forum defendant waived its right to remove the case *by actively participating in litigation in the state court below*, not whether the defendant's actions waived or substituted proper service.  *Rivera*, 2016 WL 11431200, at *4 (emphasis added) ("Plaintiff also argues that Defendant waived its right to remove by 'directly invoking the state court's jurisdiction' . . . [f]iling an answer in state court while the action is pending *does not waive the right to remove*."); *Gore*, 616 F. Supp. 895, 897 (emphasis added) ("Plaintiff claims that the defendant *waived his right to remove* by answering in state court prior to seeking to remove the suit to this Court."); *Sandoval*, 2022 WL 2959707, at *2 ("Sandoval asserts that Castro waived his right to removal by 'defending this action in state court by filing his answer, asserting affirmative defenses, requesting discovery, . . ."); *Baxter*, 2022 WL 2306825, at *2 ("Plaintiffs contend, second, that Hastings waived her right to remove because of affirmative conduct in which she engaged in the probate court proceedings prior to removal. In particular, plaintiffs point to Hastings' filing of an answer . . .").

Furthermore, the court has found no authority that stands for the proposition that Rule 121 of the Texas Rules of Civil Procedure does not apply in the context of a temporary restraining order.  Instead, the court points the parties to persuasive dictum announced by the Tyler Court of Appeals.  In *In Interest of J.D.L.*, the maternal great-grandparents of a minor requested they be appointed as the sole managing conservators of their great-grandchild, and moved for a temporary restraining order against the child's parents.  *In Int. of J.D.L.*, No. 12-17-00225-CV, 2017 WL 6523183, at *1 (Tex. App.—Tyler Dec. 21, 2017, pet. denied) (mem. op.).  After the trial court issued a temporary restraining order and a temporary injunction against the child's parents, the parents of the child received service of the plaintiff's petition, and filed an answer thereafter. *Id.* Later, the father of the child argued that the court's final order affecting their relationship with his

child should be "null and void" because he did not receive proper service of the citation.  *Id.* at *2. In dictum, the court turned to Texas Rule of Civil Procedure 121, and disposed of the father's argument, holding that the father's "answer constituted a general appearance in the underlying suit which renders his argument of defective service of process moot." *Id.* (citing TEX. R. CIV. P. 121).

Thus, the Texas Court of Appeals did not hesitate to apply Rule 121, even in the context of a temporary restraining order or temporary injunction.  *Id.*  Avalos asserts that filing the answer "was necessitated under the circumstances" and "was a 'compulsory' process to 'preserve' Defendant's rights to further his defense."  Doc. No. 17 at 17–18 (citing *Pennington v. Carmax Auto Superstores Inc.*, No. H-09-1937, 2010 WL 1050266, at *2 (S.D. Tex. Mar. 17, 2010))[2]. *Pennington*, however, once more analyzed waiver of the right to remove, *not* waiver or substitution of service under Rule 121.  *Pennington*, 2010 WL 1050266, at *2 ("Pennington next argues that CarMax 'waived its right of removal by seeking affirmative relief from the state court.'").  Hence, the *Pennington* court denied the plaintiff's motion to remand because the defendant did not purposefully subject itself to the state court's jurisdiction when it pleaded compulsory affirmative defenses.  *Id.*  Avalos has not provided the court with any binding or persuasive law for the proposition that Texas courts waive Rule 121 either in the injunctive relief context, or in the "compulsory Answer" context, such that this court can circumvent Avalos's *Answer* as an "appearance." TEX. R. CIV. P. 121.

Thus, the principle remains that "where a defendant has answered in state court, under Texas law, the defendant is properly served for purposes of the removal statute, making remand appropriate under the forum-defendant rule."  *Amos Fin. LLC v. Accel Int'l Inc.*, No. 3:22-CV-

---

[2] The court also notes that CarMax Auto Superstores, Inc. is a non-forum defendant, as it "is incorporated under Virginia law and has its principal place of business in Richmond, Virginia."  *Nichols Ford, Inc. v. CarMax Auto Superstores, Inc.*, No. Civ.A. 3:98-CV-1405-G, 1998 WL 873002, at *1 n.1.

002340X, 2022 WL 2209946, at *3 (E.D. Tex. June 17, 2022) (footnote omitted) (collecting cases); *see also Nat'l Collegiate Student Loan Trust 2006-3 v. Richards*, No. 3:16-CV-1936-M, 2016 WL 4533216, at *2 (N.D. Tex. Aug. 30, 2016) (citations omitted) ("Under Texas law, an answer constitutes an appearance by a defendant and dispenses with the necessity for the issuance or service of citation upon that defendant. TEX. R. CIV. P. 121. Richards is thus considered 'properly served' for purposes of effecting removal.").

As Avalos has filed an *Answer* in this case, Rule 121 dictates that his *Answer* "dispense[s] with the necessity for the issuance or service of citation upon him."  *See* Def.'s Answer, Doc. No. 1-2 at 38; TEX. R. CIV. P. 121.  Accordingly, under Texas state law, Avalos has received an adequate substitute for service, making remand appropriate under Section 1441(b)(2).  28 U.S.C. § 1441(b)(2); ); *Freight Terminals*, 461 F.2d at 1052 (citing 28 U.S.C. § 1448) ("[T]he district court must look to state law to ascertain whether service was properly made prior to removal."). The court therefore recommends granting Fortis's instant *Motion to Remand* (Doc. No. 12).

### B.  Motion for Attorney's Fees

Lastly, Fortis moves for attorney's fees incurred as a result of bringing the instant *Motion to Remand*, alleging that Avalos's removal was objectively unreasonable.  Doc. No. 12 at 6.

Title 28 U.S.C. Section 1447(c) states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The Supreme Court has left the decision to award attorney's fees regarding a motion to remand to the sound discretion of the district court.  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005).  Accordingly, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively

reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141 (citation omitted).

Furthermore, the Supreme Court has instructed that district courts "retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case," such as a plaintiff's delay in seeking remand, or "failure to disclose facts necessary to determine jurisdiction." *Id.*; *see, e.g.*, *Bank of N.Y. Mellon v. Grewal*, No. 4:22-CV-00034-ALM-CAN, 2022 WL 1206668, at *6 (E.D. Tex. Mar. 23, 2022) (awarding attorney's fees where defendants frivolously removed case to federal court six times "for the purpose of further delaying the state court proceedings."); *Menendez v. Timberblinds, LLC*, No. 4:21-CV-914, 2022 WL 657970, at *11 (E.D. Tex. Mar. 4, 2022) (declining award of attorneys' fees because "the law is unclear in this area," and defendant set forth a "well-presented attack complete with reasonable arguments and case law.").

Here, the court recommends denying attorney's fees to Fortis.  While Fortis argues that Avalos removed this case to federal court "to take another shot at avoiding enforcement of a duly obtained temporary injunction," the undersigned disagrees with this representation of facts.  Doc. No. 12 at 7.  Like in *Menendez*, the undersigned agrees that this was an instance where the law was unclear, Avalos's *Response* (Doc. No. 17) was well-briefed, and while it was ultimately unsuccessful, his response presented a reasonable argument that a defendant's Answer should not substitute service, especially where it may be deemed "compulsory."  *Menendez*, 2022 WL 657970, at *11; *compare with Milton on behalf of Wrongful Death Beneficiaries of Dansby v. Lenoir*, No. 5:22-cv-58-DCB-RHWR, 2022 WL 4474176, at *3 (S.D. Miss. Sept. 26, 2022) (citation omitted) ("Any claim of confusion is meritless when presented with the clear, relevant law discussed <u>supra</u>.").

Moreover, Avalos presented on-point case law in all other areas pertinent to this case, and simply confused substitution of service with waiver of removal.  That was not an objectively unreasonable basis to remove this case to federal court.  In all other instances, Avalos was correct: a diverse, forum-defendant who has not been properly served in state court below can "snap" remove a case to federal court.  Further, a defendant's appearance in state court to defend against a temporary restraining order or temporary injunction does not waive removal by subjecting the defendant to the state court's jurisdiction.  Avalos simply erred in his analysis of Rule 121, and presented reasonable arguments why this court should circumvent that rule.  Indeed, there is little Texas state law regarding the application of Rule 121 in the context of injunctive relief proceedings.  Ultimately, however, this argument was unsuccessful, no matter how persuasive. This does not mean that Avalos lacked an objectively reasonable basis to remove.

In sum, Avalos's removal of this case to federal court was procedurally defective, in violation of the forum-defendant rule.  Avalos, the sole defendant in this case, could "snap" remove this case to federal court in compliance with Section 1441(b).  Moreover, Fortis never properly served Avalos in the state court proceedings below because Avalos never received a citation and petition.  However, Texas Rule of Civil Procedure 121 has clear commands that filing an *Answer* substitutes service, and Avalos's *Answer* filed in state court therefore triggered this rule.  *See* Doc. No. 1-2 at 38.  Indeed, Avalos has failed to provide relevant case law showing that Rule 121 does not apply in the context of injunctive relief proceedings, only that filing an Answer does not waive a defendant's right to removal.  Lastly, it is the court's sound discretion that while ultimately unsuccessful, Avalos had an objectively reasonable basis to remove this case to this court, such that the undersigned recommends denying Fortis's motion for attorney's fees.

## IV.    Order

It is therefore **ORDERED** that Defendant/Counter-Plaintiff Thomas Avalos, Jr.'s ("Avalos") *Motion for Leave to Attach and Amend Exhibit D to Defendant's Response to Plaintiff's Motion to Remand* (Doc. No. 21) is **GRANTED**.

## V.    Recommendation

Furthermore, for the reasons stated above, the undersigned recommends granting in part and denying in part Plaintiff/Counter-Defendant Fortis Construction LLC f/k/a AMS Construction LLC's *Motion to Remand* (Doc. No. 12).  This case should therefore be remanded to the 253rd Judicial District Court of Liberty County, Texas, as Cause No. 22DC-CV-01607.  Additionally, Plaintiff's request for attorney's fees should be denied.

## VI.    Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation.  Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within **seven (7)** days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length.  *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX. CIV. R. CV-72(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within **seven (7)** days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds

21

of plain error, of any such findings of fact and conclusions of law accepted by the United States

District Judge.  *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988); *Douglass v. United*

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 9th day of February, 2023.

Zack Hawthorn
United States Magistrate Judge